UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fernando A.-R., | Case No. 26-CV-1639 (PJS/EMB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and Ryan Shea, Sheriff of Freeborn County, | |
| Respondents. | |

Before the Court is the Petitioner Fernando A.-R.'s[1] Verified Petition for Writ of Habeas Corpus (Dkt. No. 1). The Federal Respondents filed a response (Dkt. No. 6), and Fernando A.-R. filed a reply (Dkt. No. 7). This case has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the following reasons, I recommend the

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Verified Petition for Writ of Habeas Corpus (Dkt. No. 1) be granted, and Respondents be ordered to release Fernando A.-R. immediately.

## I. Background

Petitioner Fernando A.-R. is a citizen of Mexico who entered the United States without inspection. (Dkt. No. 1 ¶¶ 3, 42.) Although he most recently reentered the country in April 2022, he "has resided in the United States for at least ten years." (*Id.* ¶ 3.) Fernando A.-R. was living in Bismark, North Dakota prior to his detention. (*Id.* ¶¶ 14, 42.) His wife is a United States citizen, and an I-130 petition for alien relative is pending on his behalf.[2] (*Id.* ¶ 43.) Fernando A.-R. is a guardian of his two teenage stepdaughters and a caregiver for his gravely ill mother-in-law. (*Id.* ¶¶ 44–46.)

On November 12, 2024, Fernando A.-R. pled guilty "to child neglect, disorderly conduct, and two counts of domestic violence all arising out of a single inciden[t]." (*Id.* ¶ 52.) A North Dakota state judge imposed a term of probation. (*Id.*)

On June 27, 2025, ICE arrested Fernando A.-R. during a check-in with his probation officer in Bismark. (*Id.* ¶¶ 50–51.) ICE did not have a warrant

---

[2] This petition "serves as the first step in helping an eligible relative apply to immigrate to the United States and apply for a Green Card." *Lauro M. v. Bondi*, 26-CV-134 (SRN/DJF), 2026 WL 115022, at *1 (D. Minn. Jan. 15, 2026) (citing USCIS, *I-130, Petition for Alien Relative*, https://www.uscis.gov/i-130).

for Fernando A.-R.'s arrest. (*Id.* ¶ 51.) On December 3, 2025, ICE transferred Fernando A.-R. to the Freeborn County Adult Detention Center in Albert Lea, Minnesota, which is where he is currently detained. (*Id.* ¶¶ 19, 54.) He filed the instant petition on February 25, 2026.

## II. Legal Standard

Under 28 U.S.C. § 2241, the Court may grant a writ of habeas corpus to any petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Rasul v. Bush*, 542 U.S. 466, 473 (2004)). The right to challenge unlawful detention under § 2241 "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). "The habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that their detention is unlawful." *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025).

## III. Analysis

Fernando A.-R. claims he is being unlawfully detained and asks the Court to order his immediate release. (Dkt. No. 1 ¶¶ 79–83.) The Court has jurisdiction over the habeas petition because Fernando A.-R. filed it in the district in which he is confined. *See Manuel N.M. v. Noem*, 26-CV-224 (MJD/DJF), 2026 WL 242318, at *2 (D. Minn. Jan. 23, 2026) (citing *Rumsfeld*

3

*v. Padilla*, 542 U.S. 426, 443 (2004)), *report and recommendation adopted*, 26-cv-224 (MJD/DJF), 2026 WL 246840 (D. Minn. Jan. 29, 2026).

Chief Judge Patrick J. Schiltz ordered Respondents to show cause why Fernando A.-R.'s writ should not be granted in this case. (Dkt. No. 3 ¶ 1.) He also ordered Respondents to provide affidavits or exhibits "to establish the lawfulness and correct duration of [Fernando A.-R.]'s detention," and to explain "[w]hether the absence of a warrant preceding [Fernando A.-R.]'s arrest necessitates [his] immediate release." (*Id.* ¶ 2(a), (e).) Finally, Chief Judge Schiltz ordered Respondents to articulate their "view as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787 (D. Minn. Nov. 25, 2025)." (Dkt. No. 3 ¶ 2(d).)

The Federal Respondents timely filed a two-page response preserving their arguments for appeal.[3] (Dkt. No. 6.) Although they argue Fernando A.-R. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), they concede his "petition raises legal and factual issues like those in prior habeas petitions this Court has decided, including *M.C. v. Olson*." (Dkt. No. 6 at 2.) That case, like many other cases in this district, concluded that noncitizens who are already present in the country are not subject to mandatory

---

[3] Respondent Shea did not file a response.

4

detention under § 1225(b)(2)(A) because they are not "alien[s] seeking admission into the country." *Santos M.C.*, 2025 WL 3281787, at *3 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)). Instead, those situations are governed by 8 U.S.C. § 1226(a), which typically "gives the government discretion to detain" a noncitizen already present in the United States. *Id.*

In light of the federal Respondents' concession, I recommend the Court grant Fernando A.-R.'s petition for the same reasons articulated in *Santos M.C.* I see no reason to stray from that reasoned analysis of the statutory text, notwithstanding Respondents' assertion that Fernando A.-R. "falls under the plain meaning of 'applicant for admission' because he is currently seeking admission via his pending I-130."[4] (Dkt. No. 6 at 1.) There is no dispute that Fernando A.-R. had been residing in the United States at the time ICE detained him. Accordingly, § 1225(b)(2)(A) does not provide a basis for Fernando A.-R.'s detention. *Cf. Lauro M. v. Bondi*, 26-CV-134 (SRN/DJF),

---

[4] Federal Respondents also contend Fernando A.-R. "affirmatively pleads" the existence of his "asylum application." (Dkt. No. 6 at 1). Fernando A.-R.'s verified petition does not mention an asylum application. Regardless, Federal Respondents do not argue that such an application would change the analysis. *Cf. Jose C-S v. Bondi*, 26-CV-1460 (KMM/LIB), 2026 WL 457336, at *2 (D. Minn. Feb. 18, 2026) (concluding § 1226(a) applied despite pending application for asylum) (citing *Ahmed M. v. Bondi et. Al*, Case No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026)); *Iishaar-Abdi v. Klang*, 25-cv-4686 (JRT/DTS), 2025 WL 3764853, at *1 n.2 (D. Minn. Dec. 30, 2025) ("[T]he filing of an asylum application by Petitioner does not affect the Court's analysis.") (citing cases).

2026 WL 115022, at *2 (D. Minn. Jan. 15, 2026) (reaching same conclusion where ICE detained petitioner while his I-130 petition was pending).

Federal Respondents point to the recently decided Fifth Circuit case, which accepted the Government's reading of the § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). A circuit court case on point certainly bolsters the Federal Respondents' argument. But I continue to find the less-strained reading is that § 1225(b)(2) does not apply to noncitizens who entered without inspection and are already present and living in the United States, as is Fernando A.-R.

Federal Respondents also point out that Fernando A.-R. "plead guilty to felony child neglect, two counts of domestic violence-bodily harm, and misdemeanor disorderly conduct," but they don't explain the legal significance of that fact. (Dkt. No. 6 at 1.) To be sure, 8 U.S.C. § 1226(c) provides for mandatory detention of noncitizens convicted of certain criminal offenses. But Federal Respondents don't argue that Fernando A.-R. is subject to detention under that subsection, nor does the current record support the conclusion that he is. *See, e.g.*, 8 U.S.C. § 1226(c)(1)(E)(ii) (requiring mandatory detention for certain inadmissible aliens "charged with, [] arrested for, [] convicted of, admit[ing to] having committed . . . any crime that results in death or serious bodily injury to another person").

Given Federal Respondents' concessions and this Court's prior rulings in materially factually and legally indistinguishable cases, I recommend that the Court grant Fernando A.-R.'s petition. Based on that conclusion, I do not consider the other grounds for relief raised in the verified petition.

Finally, I recommend the Court order Fernando A.-R.'s immediate release, despite Federal Respondents' "request that the Court order a bond hearing" before an immigration judge. (Dkt. No. 6 at 2.) An arrest warrant is a prerequisite to detention under § 1226(a). *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Fernando A.-R. alleges his arrest was warrantless and—despite Chief Judge Schiltz's directive—Respondents did not provide an arrest warrant or address "whether the absence of a warrant preceding [Fernando A.-R.]'s arrest necessitates [his] immediate release." (Dkt. No. 3 ¶ 2(e).)

Respondents have therefore abdicated their opportunity to argue against immediate release. Given Respondents' concessions, I recommend Fernando A.-R. be ordered immediately released. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that the "typical remedy [for unlawful executive detention] is, of course, release"); *see also Roseline K. N. v. Bondi*, No. 26-cv-540-KMM-SGE, 2026 WL 185069, at *2 (D. Minn. Jan. 25, 2026) (ordering immediate release when government "has not claimed to have a 'warrant

7

issued by the Attorney General' supporting Petitioner's recent arrest, nor has the government produced one to the Court").

Finally, I draw the parties' attention to the atypically short deadlines for filing objections to this Report and Recommendation and responses to those objections, set forth in the "Notice" below.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Fernando A.-R.'s Verified Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;

2. Respondents be ORDERED to release Fernando A.-R.:

    a. Inside the state of Minnesota;

    b. As soon as practicable;

    c. At a safe time and place communicated in advance to counsel;

    d. With all of the personal effects in his possession at the time of his arrest, such as a cell phone, identification, and keys; and

3. Respondents be ORDERED to file a notice confirming such release within 72 hours of the entry of an order granting such relief.

Dated: March 4, 2026          *s/Elsa M. Bullard*
                              Elsa M. Bullard
                              United States Magistrate Judge

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1): "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." Here, the Court provides a *3-day deadline for objections*, and a *2-day deadline for responses to objections*.  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).